### W. Graczykowski, trading as Division Street Iron Works, Defendant in Error, v. Wanda Wysocki, Plaintiff in Error.

### Gen. No. 21,113.　(Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Edward T. Wade, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916.

## Statement of the Case.

Action by W. Graczykowski, trading as Division Street Iron Works, plaintiff, against Wanda Wysocki, defendant, for labor and material furnished. To reverse a judgment against her, the defendant sued out a writ of error.

The plaintiff testified that the work and labor were furnished under a contract with the defendant, by which she agreed to pay him eighty-five dollars for the work and materials. He was corroborated by a witness who testified that he was present when the agreement was made. This testimony was directly contradicted by the defendant. Defendant claimed that plaintiff did not establish his case by a preponderance of the evidence, and that defendant's testimony was supported by the fact that she had made a general contract including the iron work in question prior to the alleged agreement upon which the suit was brought. Plaintiff's case did not rest upon his statement alone, but was corroborated. Defendant offered evidence to show that the work and labor were worth much less than the alleged contract price.

Caswell & Healy, for plaintiff in error.

Wiley & Mack, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 475*—*what constitutes preponderance.* A finding based on corroborated testimony of one party will not be reversed as not supported by preponderance of the evidence where contradicted by uncorroborated testimony of the other party.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 98*—*when evidence as to actual value of labor and materials furnished immaterial.* In action on special contract for labor and material furnished for an agreed amount, evidence of what such labor and material were actually worth is immaterial.

---

### Virgil B. Mays, Plaintiff in Error, v. Wells Fargo & Company, Defendant in Error.

### Gen. No. 21,142.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916. Rehearing denied May 24, 1916.

### Statement of the Case.

Action by Virgil B. Mays, plaintiff, against Wells Fargo & Company, a corporation, defendant, to recover damages for unauthorized delivery of express shipment. To reverse a judgment for defendant, plaintiff prosecutes a writ of error.

Plaintiff's claim was for the loss of an express shipment made February 9, 1911, consigned to his own order at Harris, Missouri. The statement of claim set

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.